1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ANTONIO EL,                              No. 2:21–cv–53–JAM–KJN PS

12              Plaintiff,                      ORDER GRANTING IFP AND STAYING
                                                CASE; and
13        v.                                    FINDINGS AND RECOMMENDATIONS TO
                                                DISMISS WITH PREJUDICE
14    CLINTON KELLY, et al.,
                                                (ECF No. 1, 2)
15              Defendants.

16

17        Plaintiff, who proceeds in this action without counsel, requested leave to proceed in forma

18    pauperis pursuant to 28 U.S.C. § 1915.[1]  (ECF No. 2.)  Plaintiff's application in support of his

19    request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915.

20    Accordingly, the court grants plaintiff's request to proceed without paying the filing fee.

21        The determination that a plaintiff may proceed in forma pauperis does not complete the

22    required inquiry.  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any

23    time if it determines that the allegation of poverty is untrue, or if the action is frivolous or

24    malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

25    an immune defendant.  For the reasons stated below, the court recommends the case be dismissed

26    with prejudice as legally frivolous.

27    ─────────────────────

28    [1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C.
      § 636(b)(1) for the issuance of findings and recommendations.  See Local Rule 304.

                                              1

1    <u>Legal Standard</u>

2    Federal courts have an independent duty to assess whether federal subject matter

3 jurisdiction exists.  <u>See</u> <u>United Investors Life Ins. Co. v. Waddell & Reed Inc.</u>, 360 F.3d 960, 967

4 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction

5 over [an] action sua sponte, whether the parties raised the issue or not"); <u>accord</u> <u>Rains v. Criterion</u>

6 <u>Sys., Inc.</u>, 80 F.3d 339, 342 (9th Cir. 1996).  The court must sua sponte dismiss the case if, at any

7 time, it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

8    Generally, federal courts have original jurisdiction over a civil action when:  (1) a federal

9 question is presented in an action "arising under the Constitution, laws, or treaties of the United

10 States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds

11 $75,000.  <u>See</u> 28 U.S.C. §§ 1331, 1332(a).

12    However, the Supreme Court has held that federal courts lack subject matter jurisdiction

13 to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this

14 court, or otherwise completely devoid of merit as not to involve a federal controversy."  <u>Steel Co.</u>

15 <u>v. Citizens for a Better Environment</u>, 523 U.S. 83, 89 (1998) (citations and internal quotations

16 omitted); <u>Hagans v. Lavine</u>, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over

17 claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); <u>see</u>

18 <u>also</u> <u>Grancare, LLC v. Thrower by & through Mills</u>, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting

19 that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule

20 12(b)(1) for lack of federal question jurisdiction) (citing <u>Franklin v. Murphy</u>, 745 F.2d 1221,

21 1227 n.6 (9th Cir. 1984) ("A [] complaint that is 'obviously frivolous' does not confer federal

22 subject matter jurisdiction.") (abrogated on other grounds)).  A claim is legally frivolous when it

23 lacks an arguable basis either in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989);

24 <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

25    Pro se pleadings are liberally construed.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21

26 (1972); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear

27 that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma

28 pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal.  <u>See</u> <u>Noll v.</u>

1    Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) superseded on other grounds by statute as stated in

2    Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc); Franklin v. Murphy, 745 F.2d 1221,

3    1230 (9th Cir. 1984).  However, leave to amend need not be granted when further amendment

4    would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

5        Analysis

6        Here, plaintiff has filed suit against the State of California, the Superior Court in Los

7    Angeles, the L.A. Sheriff's Department and two named individuals.  (ECF No. 1.)  Plaintiff lists

8    several statutes arising under the criminal code, including 18 U.S.C. § 241-Conspiracy; 18 U.S.C.

9    § 242-Deprivation of Rights; 18 U.S.C. § 878-Extortion against Foreign Officials; and 18 U.S.C.

10   § 1001-Falsification of Documents.  The complaint is mostly a collection of conclusory

11   statements and phrases with little meaning attached to each.  Plaintiff's attachments also appear

12   disconnected from any actual allegations.

13       The undersigned finds plaintiff's complaint wholly frivolous.  Plaintiff, as a private

14   citizen, has no authority to bring claims under criminal statutes.  See Allen v. Gold Country

15   Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal

16   statutes).  For these reasons, plaintiff's complaint should be dismissed.  Steel Co., 523 U.S. at 89.

17   Further, the record here shows that plaintiff would be unable to cure the above-mentioned

18   deficiencies through further amendment of the complaint, granting leave to amend would be

19   futile.  Cahill, 80 F.3d at 339.

20                                **ORDER**

21       Accordingly, IT IS HEREBY ORDERED that:

22       1.  Plaintiff's motion to proceed in forma pauperis is GRANTED;

23       2.  In light of the court's recommendations and plaintiff's frivolous filing, all pleading,

24           discovery, and motion practice in this action are stayed pending resolution of these

25           findings and recommendations.  Other than objections to the findings and

26           recommendations, the court will not entertain or respond to any pleadings or motions

27           until the findings and recommendations are resolved.

28   ///

1

**RECOMMENDATIONS**

2          Further, IT IS HEREBY RECOMMENDED that:

3              1.  The action be DISMISSED WITH PREJUDICE; and

4              2.  The Clerk of Court be directed to CLOSE this case.

5    These findings and recommendations are submitted to the United States District Judge assigned to

6    the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after

7    being served with these findings and recommendations, plaintiff may file written objections with

8    the court and serve a copy on all parties.  Such a document should be captioned "Objections to

9    Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

10   objections within the specified time may waive the right to appeal the District Court's order.

11   Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57

12   (9th Cir. 1991).

13   Dated:  January 21, 2021

14

15
      el.53
                                        KENDALL J. NEWMAN
16                                      UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

                                          4